JAMES C. WOOD, Appellant, *v.* W. D. ROCKWELL *et al.*, as Administrators, etc., Respondents.

*Supreme Court, Fifth Department, General Term, October* 19, 1889.

1. *Pleadings. Complaint.*—Proof that services have been rendered entitles to some compensation, though the claim therefor is inconsistently stated in the complaint.

2. *Appeal. New trial.*—The judgment should be reversed and a new trial ordered, where the referee commits an error in disallowing the plaintiff's claim for a year's conceded services, from a misconception as to the proper construction to be given to his complaint.

Appeal from a judgment entered upon the report of a referee dismissing the plaintiff's complaint, with costs. The original defendants were Norman Blodgett and Lucy Jane Blodgett, his wife. The husband survived his wife, and upon his death the present defendants were appointed his administrators and substituted as defendants. The action was for work and labor performed by the plaintiff, as a miller, alleged to have been rendered for the common benefit of both of the original defendants, and upon their joint promise to pay him therefor. The defendants served a joint and several answer, in which they put in issue the plaintiff's averment of joint liability on their part to pay him for his work and labor; but they admitted that Lucy Jane Blodgett was the owner of the mill, but that the same was run and operated on the sole and separate account of Norman, who alone promised to pay the plaintiff for his work and labor.

A plea of payment was interposed.

*J. D. Decker*, for appellant.

*W. A. Sutherland*, for respondents.

BARKER, P. J.—The plaintiff set forth his cause of action in two separate and distinct counts. It was admitted in the answer, and also upon the trial, that the plaintiff did work and operate the grist-mill from March 1, 1872, to February, 1875. In his disposition of the case, the learned referee only allowed the plaintiff for his services from the 1st of March, 1872, to February 1, 1874, thus defeating a recovery for his services for one whole year, during which period he was confessedly in the employment of Norman Blodgett, running his grist-mill.

This wrong should be corrected, and can only be done by reversing the judgment, and ordering a new trial. From the record we think it apparent that this mistake occurred by a misconception as to the proper construction which should be given to the plaintiff's complaint.

The plaintiff first alleges that he worked and labored for the defendants from the first of March, 1872, to the first of February, 1875, and they agreed to pay him therefor what his services were reasonably worth; and that there remained due him, over and above all payments, $500. In the second count it is alleged that the plaintiff worked for the defendants from February, 1874, to February, 1875, under a special agreement as to his compensation, the terms of which are fully set forth in the complaint, and there was due him for that year's service the sum of $350, over and above all payments made on and towards the same. The answer denied all the allegations contained in the complaint, except the one that the defendant, Lucy Jane, owned the property; but it was admitted that the plaintiff during the whole period, was in the employment of the defendant, Norman. It is true the comp-

6

laint does contain inconsistent averments, as the plaintiff alleges that for the last year he was in the defendants' service, he was to be paid for his labor under two separate and distinct contracts, each covering the same period of time. But the evidence and admissions of the defendants made on the trial plainly made a case which required the referee to fix the compensation for the whole time, and thus determine all the issues referred to him to try and determine.

In his report the referee finds that the plaintiff did perform services for the deceased, Norman Blodgett, from the first of March, 1872, to the first of February, 1874, and that he agreed to pay the plaintiff therefor what the services of a first-class miller were worth, and fixed the same at fifty dollars a month, making a total of $1,150, and that for such services the plaintiff had been fully paid. The plaintiff gave some evidence tending to prove that during the last year he was to be compensated in the manner specified in the special contract set up in the complaint; but the referee refused to find that any such agreement was made.

The plaintiff requested the referee to find as a fact, that the plaintiff did work for Norman Blodgett from February 1, 1874, to February 1, 1875, and for such services he was entitled to be paid what they were reasonably worth; and this request was refused and the plaintiff took an exception.

Thus it is clearly demonstrated that the plaintiff has not been allowed any compensation for the last year's services, for which he was clearly entitled to something under the pleadings and the proofs.

The respondents contend that in the bill of particulars the plaintiff gave the defendants credit for a sum which was greater in amount than the value of the plaintiff's services for the whole period, computed and allowed upon the basis found by the referee for the period covered by his report. The defendants made no proof of payment, and the finding of the referee that the plaintiff had been paid for his services for the period covered by his finding relies

·wholly upon the credits contained in the bill of particulars.

The appellant contends against the construction which the respondents put upon the bill of particulars, as to the amounts which the original defendants had paid to the plaintiff, and insists that by a proper construction the credits would be less than the value of the plaintiff's services for the whole period of his service.

We are not, however, at this time called upon to decide the ·question in dispute for until the value of the plaintiff's services is ascertained for the whole period, the question does not become material, as the plaintiff admits that he has received towards his services an amount equal to their value for the period found by the referee.

Judgment reversed, and a new trial granted before another referee, with costs to abide event.

DWIGHT and MACOMBER, JJ., concur.